**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

| | |
|---|---|
| In re: | **Joint Administration Pending** |
| Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic; | Case No.: 26-30886 |
| The Medical Group, LLC; | Case No.: 26-30888 |
| North Dakota Dialysis, LLC; | Case No.: 26-30889 |
| Aurora Dialysis, LLC; | Case No.: 26-30890 |
| Kidney Institute of North Dakota, LLC; | Case No.: 26-30891 |
| KDJ Investment Group, LLC; | Case No.: 26-30892 |
| KDJ Properties, LLC, | Case No.: 26-30893 |
| | Chapter 11 Cases |
| Debtors.[1] | |

---

# DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF FREDRIKSON & BYRON, P.A. AS COUNSEL FOR THE DEBTORS

---

Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic ("Grand Forks Clinic"), The Medical Group, LLC ("Medical Group"), North Dakota Dialysis, LLC ("ND Dialysis"), Aurora Dialysis, LLC ("Aurora Dialysis"), Kidney Institute of North Dakota, LLC ("Kidney Institute"), KDJ Investment Group, LLC ("KDJ Investment"), and KDJ Properties, LLC ("KDJ Properties," and, together with Grand Forks Clinic, Medical Group, ND Dialysis, Aurora Dialysis, Kidney Institute, and KDJ Investment, collectively the "Debtors") file this application

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' addresses and Employer Identification Numbers (EINs) are as follows: Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (EIN #0821); The Medical Group, LLC (EIN #3765); North Dakota Dialysis, LLC (EIN #3768); Kidney Institute of North Dakota, LLC (EIN #6471); and KDJ Investment Group, LLC (EIN #2199), each located at 5750 S Washington Street, Grand Forks, ND 58201. Aurora Dialysis, LLC (EIN #8084) is located at 1451 44th Avenue South Suite 104D, Grand Forks, ND 58201 and KDJ Properties, LLC (EIN #1920) is located at 645 Beacon Circle, Grand Forks, ND 58201.

(the "Application") for the entry of an order (the "Order") approving the Debtors' retention and employment Fredrikson & Byron, P.A. ("Fredrikson") as counsel to the Debtors. In support of this Application, the Debtors submit the affidavit of Steven R. Kinsella, a shareholder of Fredrikson ("Kinsella Affidavit"), which is attached hereto as **Exhibit A**. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 2005.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding. The petitions in this case were filed on October 16, 2026 (the "Petition Date"). These cases are now pending in this Court.

## BACKGROUND

3. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. Additional factual background relating to the Debtors' business, capital structure and the commencement of these Chapter 11 cases are set forth in detail in the Declaration of Dr. Khaled Rabadi in Support of Chapter 11 Petition and First Day Motions concurrently filed herewith.

## RELIEF REQUESTED

5. By this Application, the Debtors seek entry of the Order approving the retention and employment of Fredrikson as counsel to the Debtors in this Chapter 11 case. This Application

arises under 11 U.S.C. §§ 327(a) and 328. The Application is filed under Fed. R. Bankr. P. 2014 and Local Rule 9013-1.

## FREDRIKSON'S QUALIFICATIONS

6. Fredrikson is a full-service law firm with approximately 350 attorneys and offices in Minnesota: Minneapolis, St. Paul, & Mankato; Iowa: Ames, Des Moines & Coralville; Wisconsin: Madison; North Dakota: Fargo & Bismarck; Monterrey Mexico; and Shanghai China. The Debtors believe that the attorneys of Fredrikson are competent and experienced in the field of debtors' protections, creditors' rights, and business reorganizations under Chapter 11 of the Bankruptcy Code.

7. In preparing for the representation of the Debtors, Fredrikson became familiar with the Debtors' business and many legal issues that may arise in the context of the Chapter 11 case. The Debtors believe that Fredrikson is well-qualified and uniquely able to represent the Debtors in this Chapter 11 case in an efficient and timely manner.

## SERVICES TO BE PREFORMED

8. Subject to further order of the Court, the Debtors request approval to retain and employ Fredrikson to render the following legal services, among others, as directed by the Debtors:

a. Providing the Debtors with legal advice with respect to their reorganization;

b. Assisting the Debtors with the preparation of their Schedules of Assets and Liabilities and Statements of Financial Affairs;

c. Representing the Debtors in connection with negotiations involving secured and unsecured creditors;

d. Advising the Debtors in connection with any postpetition financing and cash collateral arrangements and negotiating and drafting documents related thereto, providing advice and counsel with respect to prepetition financing arrangements, and negotiating and drafting documents relating thereto;

e. Advising the Debtors on matters relating to the evaluation of the

assumption, rejection, or assignment of unexpired leases and executory contracts;

f. Advising the Debtors with respect to legal issues arising in or relating to the Debtors' ordinary course of business including attendance at management meetings, meetings with the Debtors' financial and turnaround advisors;

g. Taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against them, negotiations concerning all litigation in which the Debtors are involved and objecting to claims filed against the Debtors' estates;

h. Representing the Debtors at hearings set by the Court in the Debtors' bankruptcy cases;

i. Preparing, on the Debtors' behalf, all motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

j. Negotiating and preparing, on the Debtors' behalf, a plan of reorganization, disclosure statement and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan;

k. Appearing before this Court, any appellate courts and the United States Trustee to protect the interests of the Debtors' estates before such courts and the United States Trustee;

l. Attending meetings with third parties and participating in negotiations with respect to the above matters; and

m. Performing all other necessary legal services and providing all other necessary legal advice to the Debtors in connection with these cases.

## PROFESSIONAL COMPENSATION

9. Fredrikson began providing services to the Debtors in September 2025 and has continued to advise the Debtors through an attempted workout with their creditors. The Debtors paid Fredrikson a retainer of $30,000 on October 14, 2026, which $24,885.00 was applied prior to the Petition Date. Fredrikson continues to hold $5,115 as the remaining retainer (the "Chapter 11 Retainer"). The Debtors agreed that Fredrikson will hold the Chapter 11 Retainer in trust for application against its final allowed fees, case filing fees, and the fees and expenses incurred in the days leading up to the Petition Date which may not have been fully paid prior to filing. To the

extent that Fredrikson has not been paid for fees and expenses in the days before the Petition Date, Fredrikson will describe these amounts in its first fee application.

10. As described more fully in the Motion for Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief, the Debtors propose that Fredrikson be authorized to file fee applications once a month after the Petition Date.

11. Fredrikson's current hourly rates for matters relating to this Chapter 11 case range as follows:

| | |
|---|---|
| Steven Kinsella, Shareholder | $680 |
| Austin Eggl, Associate | $335 |
| Schuyler Pals, Associate | $485 |
| Alex Swafford, Associate | $450 |
| Shataia Stallings, Paralegal | $265 |

12. Pursuant to Fed. R. Bankr. P. 2016(b), Fredrikson neither shared nor agreed to share: (a) any compensation it received or may receive with another party or person, other than with the principal and regular employees of Fredrikson; or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtors did not owe Fredrikson for any amounts for legal services rendered before the Petition Date, except such fees incurred in the days leading up to the Petition Date.

## FREDRIKSON'S DISINTERESTEDNESS

13. The Debtors reviewed the Kinsella Affidavit and believe the attorneys selected do not represent any other entity in connection with this case, do not hold or represent any interest adverse to the estate, and are disinterested under 11 U.S.C. § 327. In the event the United States Trustee, the Court, or other party asserts or is concerned that Fredrikson is not disinterested, the Debtors requests that a hearing be scheduled.

14. Fredrikson will review its files periodically during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new or relevant facts or relationships are discovered or arise, Fredrikson will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

**SUPPORTING AUTHORITY**

15. The Debtors seek retention of Fredrikson as counsel to the Debtors pursuant to 11 U.S.C. §§ 327(a) and 328(a). Section 327(a) provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do no hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

16. Section 328(a) provides that a debtor, subject to Court approval, "may employ. . . a professional person . . . on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a). Federal Rule of Bankruptcy Procedure 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014(a).

17. The Debtors submit that for all the reasons stated above and in the Kinsella Affidavit, the retention and employment of Fredrikson as counsel to the Debtors is warranted. Further, as stated in the Kinsella Affidavit, Fredrikson is a "disinterested person" within the

meaning of 11 U.S.C. § 101(14), as required by 11 U.S.C. § 327(a), and does not hold or represent an interest adverse to the Debtors' estate and has no connection to the Debtors, its creditors, or any parties in interest, except as may be disclosed in the Kinsella Affidavit.

## CONCLUSION

18. **WHEREFORE**, the Debtors respectfully request that the Court enter the Order, previously submitted to the Court, granting the relief requested herein and granting such other relief as is just and proper.

Dated: October 19, 2026

DocuSigned by:
Khaled Rabadi
56D59FC25E1A448...
Owner, Dr. Khaled Rabadi

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

In re:

| | |
|---|---|
| Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic; | Case No.: 26-30886 |
| The Medical Group, LLC; | Case No.: 26-30888 |
| North Dakota Dialysis, LLC; | Case No.: 26-30889 |
| Aurora Dialysis, LLC; | Case No.: 26-30890 |
| Kidney Institute of North Dakota, LLC; | Case No.: 26-30891 |
| KDJ Investment Group, LLC; | Case No.: 26-30892 |
| KDJ Properties, LLC, | Case No.: 26-30893 |
| | Chapter 11 Cases |
| Debtors. | |

---

**AFFIDAVIT OF STEVEN R. KINSELLA IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF FREDRIKSON & BYRON, P.A. AS COUNSEL FOR THE DEBTORS**

---

STATE OF NORTH DAKOTA )
)
COUNTY OF CASS )

I, Steven R. Kinsella, being duly sworn, state the following under penalty of perjury:

1. I am a shareholder of Fredrikson & Byron, P.A. ("Fredrikson"), duly admitted to practice in the State of North Dakota, and the United States District Court for the District of North Dakota. I am an active member of the federal bar of the United States District Court for the District of North Dakota.

2. No member of Fredrikson has ever been an officer or director of the Debtors and no member of Fredrikson is an insider of Debtors.

3. I submit this Affidavit (the "Kinsella Affidavit") in support of the Debtors' Application for Entry for an Order Approving the Retention and Employment of Fredrikson & Byron, P.A. as Counsel for the Debtors (the "Application"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

4. Fredrikson completed a conflict check with the list of the Debtors, its members, and all of its creditors furnished by the Debtors as of September 2025 and October 2026. Fredrikson is aware that the Debtors have other regular vendors that may or may not have small claims for which they have not billed the Debtors and, therefore, do not show up on the list of current creditors. Fredrikson will promptly supplement this Affidavit in the future when, and if, other creditors become known.

5. Based on the results of the above-referenced conflicts check, and to the best of my knowledge, neither I nor Fredrikson have represented or had any connection with the Debtors, their creditors, or any other party in interest, its attorneys or accountants, the United States Trustee, or any other person employed in the office of the United States Trustee within the meaning of Fed. R. Bankr. P. 2014, except as stated below:

a. Fredrikson currently represents five individuals or entities who may be creditors or investors of one or more of the Debtors, all in matters entirely unrelated to the Debtors and these cases. Each of these individuals or entities waived any potential conflict in Fredrikson's representation of the Debtors in this case. In the event a dispute arises involving one of these clients, Fredrikson will not represent either party.

b. In connection with two proceedings commenced by First Western Bank & Trust, Fredrikson represents the Debtors and the Debtor's owner, Dr. Khaled Rabadi: *First Western Bank & Trust v. Rabadi et al.*, Case No. 18-2026-CV-00108, Grand Forks County;

and *First Western Bank & Trust v. Rabadi*, Case No. 8-2026-CV-00864, Grand Forks County. Dr. Rabadi is in the process of securing separate counsel and such counsel will substitute in for Fredrikson; Fredrikson will not represent Dr. Rabadi after the Petition Date.

c. Fredrikson and certain of its attorneys have in the past represented some of the creditors and investors of the Debtors in connection with matters unrelated to the Debtors and their Chapter 11 cases. In each instance, except as described in this paragraph, Fredrikson's representation concluded so that the former representation of that creditor does not represent a current conflict.

d. Fredrikson is frequently involved in Chapter 11 cases representing both debtors and creditors. As such, Fredrikson is often adverse to the Office of the United States Trustee and is often adverse to, or allied with, other law firms and the interests of their clients and other accountants and the interests of their clients.

6. None of the above relationships constitute actual conflicts but may be "connections" within the meaning of Fed. R. Bankr. P. 2014 or are potential conflicts and are therefore disclosed. the Debtors have been advised of the potential conflicts noted above and waived any such conflicts.

7. Except as stated herein, to the best of my knowledge, neither Fredrikson nor any of its shareholders have any connection with the United States Trustee for the District of North Dakota or employees of the United States Trustee, the Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of North Dakota, or any other party in interest or their respective attorneys, except as disclosed or otherwise described herein.

8. There may be other persons within the scope of Fed. R. Bankr. P. 2014 that, unknown to me, Fredrikson represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing the Debtors, without further disclosure, and we agree to disclose any connections within the meaning of Fed. R. Bankr. P. 2014 that we may discover subsequent to the execution of this Affidavit.

9. Except as the Court may determine from the circumstances disclosed above, Fredrikson does not hold or represent any interest adverse to the estate, and Fredrikson is a "disinterested person," within the meaning of 11 U.S.C. § 327(a).

10. The attorneys and paralegals who will provide these services and their hourly rates are as follows:

| | |
|---|---|
| Steven Kinsella, Shareholder | $680 |
| Austin Eggl, Associate | $335 |
| Schuyler Pals, Associate | $485 |
| Alex Swafford, Associate | $450 |
| Shataia Stallings, Paralegal | $265 |

11. Fredrikson began representing the Debtors in September 2025. The Debtors paid Fredrikson a retainer of $30,000 on October 14, 2026, which $24,885.00 was applied prior to the Petition Date. Fredrikson continues to hold $5,115 as the remaining retainer (the "Chapter 11 Retainer"). Fredrikson will hold the Chapter 11 Retainer for application against final allowed fees, filing fees, and any unpaid fees and expenses incurred immediately prior to the Petition Date. Fredrikson will include and fully disclose any unpaid fees and filing fees in its first interim fee application.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 19, 2026

*/s/ Steven R. Kinsella*
Steven R. Kinsella

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

In re:

Kidney and Hypertension Center, PLC d/b/a
Grand Forks Clinic;
The Medical Group, LLC;
North Dakota Dialysis, LLC;
Aurora Dialysis, LLC;
Kidney Institute of North Dakota, LLC;
KDJ Investment Group, LLC;
KDJ Properties, LLC,

Debtors.

Case No.: 26-30886
Case No.: 26-30888
Case No.: 26-30889
Case No.: 26-30890
Case No.: 26-30891
Case No.: 26-30892
Case No.: 26-30893

Chapter 11 Cases

---

**NOTICE OF APPLICATION FOR ENTRY OF AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF FREDRIKSON & BYRON, P.A. AS COUNSEL FOR THE DEBTORS**

---

**NOTICE IS HEREBY GIVEN** that Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic ("Grand Forks Clinic"), The Medical Group, LLC ("Medical Group"), North Dakota Dialysis, LLC ("ND Dialysis"), Aurora Dialysis, LLC ("Aurora Dialysis"), Kidney Institute of North Dakota, LLC ("Kidney Institute"), KDJ Investment Group, LLC ("KDJ Investment"), and KDJ Properties, LLC ("KDJ Properties," and, together with Grand Forks Clinic, Medical Group, ND Dialysis, Aurora Dialysis, Kidney Institute, and KDJ Investment, collectively the "Debtors") have filed an Application to Employ Fredrikson & Byron, P.A. as legal counsel. A copy of this application is attached and served upon you.

**NOTICE IS FURTHER GIVEN** that written objections to said application, if any shall be filed with the Clerk of the US Bankruptcy Court, Quentin N. Burdick Courthouse, 655 1st Avenue North, Suite 202, Fargo, North Dakota 58102-4932 within 14 days from the date of the filing of this notice. Any objections not filed and served may be deemed waived.

Dated: October 19, 2026

*/e/ Steven R. Kinsella*

Steven R. Kinsella (#09514)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
skinsella@fredlaw.com

Austin A. Eggl (#09672)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
(701) 237-8200
aeggl@fredlaw.com

**PROPOSED ATTORNEYS FOR DEBTORS**